UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHERYL L. RICE, <br><br>       Plaintiff, <br><br>vs. <br><br>HARTFORD PROPERTY AND CASUALTY INSURANCE, <br><br>       Defendant. | Case No. CV-09-599-C-EJL <br><br>**ORDER** |

Defendant in this case filed a notice of removal to this Court pursuant to 28 U.S.C. § 1332, seeking to invoke this Court's jurisdiction on diversity grounds.  This Court always undertakes an immediate review of a newly filed case to confirm that federal jurisdiction is proper.[1]  See Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986).  The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  Any doubt as to the right of removal is resolved in favor of remand.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**Discussion**

A federal case opened after January 19, 1997, that relies on § 1332 as a source of jurisdiction, must satisfy a jurisdictional minimum of $75,000.  See Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 375 n.1 (9th Cir. 1997).  Where, as here, the complaint filed in state court does not specify damages in excess of the required federal jurisdictional limit, the removing

---

[1] This Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. 28 U.S.C. § 1446(c)(4) (stating that the "district court in which such a notice [of removal] is filed shall examine the notice promptly"); Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.1998) ( "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ."); Snell v. Cleveland, Inc., 316 F.3d 822, 824, 826 (9th Cir. 2002) (explaining that a "court may raise the question of subject matter jurisdiction, *sua sponte*, at any time").

defendants must set forth "in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds [$75,000]." Gaus, 980 F.2d at 567 (emphasis in original); see also Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273-74 (2d Cir. 1994) (holding that "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court").[2] In this case, the Defendant has failed to make the necessary showing.

In the Notice of Removal, the Defendant acknowledges that the Plaintiff's complaint expressly states that the amount of damages do not exceed $75,000. (Dkt. No. 1). Defendant contends that the statutory required amount in controversy is satisfied here, however, because the Complaint asserts a request for attorney fees and punitive damages which, in Idaho, could possibly amount to three times the compensatory damages or $250,000. (Docket No. 1). Were the Defendant able to remove a case based on the theory asserted here, any case where punitive damages and/or attorney fees were alleged would be removable regardless of the claims raised or the underlying facts in the case. Such a conclusory allegation simply does not satisfy the amount in controversy requirement for jurisdiction.

The Defendant has "offered no facts whatsoever to support the court's exercise of jurisdiction." Gaus, 980 F.2d at 567. The mere allegation of a jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $[75,000]." Id.; see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 n.5 (9th Cir. 1996). Specifically, "where, as here, the Defendant relies on the damages that might flow from the Plaintiff[']s causes of action, it must provide

---

[2] Because the Plaintiff does not expressly seek damages that exceed $75,000 and because the Plaintiff's claims do not necessarily involve damages in excess of the jurisdictional minimum, it is not "'facially apparent' from the complaint that the jurisdictional amount is in controversy." Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). In fact, just the opposite is true here where the Complaint states the damages do not exceed $75,000. (Dkt. No. 1, Ex. A).

evidence that would permit a reasoned calculation of those damages." Wilson, 250 F. Supp. 2d at 1265 (collecting cases).  Similarly, Defendants "must do more than merely point to Plaintiffs' request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees in this case."[3]  Id. at 1264 (collecting cases).  Finally, "it is not enough to tell the Court that Plaintiffs seek punitive damages, Defendant must come forward with evidence showing the likely award if Plaintiffs were to succeed in obtaining punitive damages."[4]  Id. at 1264-65 (collecting cases).  Because removal jurisdiction "cannot be based simply upon conclusory allegations," this case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  See Singer, 116 F.3d at 376-77 (explaining that "where the plaintiff does not claim damages in excess of $[75,000] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds $[75,000], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied").

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that the above-entitled action is **REMANDED** to the district court of the Second Judicial District in the State of Idaho In and For the County of Nez Perce, No. CV09-02206; and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.

DATED:  **November 24, 2009**

Honorable Edward J. Lodge
U. S. District Judge

---

[3] Of course, even if supported by a factual showing, attorney's fees may be considered only "[w]hen an underlying statute authorizes an award of attorney's fee." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).

[4] A defendant may seek to count punitive damages as part of the amount in controversy only if they are recoverable as a matter of law. See, e.g., Surber v. Reliance Nat'l Indemnity Co., 110 F. Supp.2d 1227, 1232 (N.D. Cal. 2000).